UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

Petitioner,

v.

ELIODORO ZAPATA-HERRERA,

Respondent.

CIVIL NO. 00-1377 (RHK/JMM)

REPORT AND RECOMMENDATION

On June 2, 2000, the United States filed a Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. §4245. [Docket No. 1]. The Petition alleges that Respondent Eliodoro Zapata-Herrera is presently suffering from a mental disease or defect for the treatment of which he is in need of custody and care in a suitable psychiatric facility. Respondent is a federal prisoner serving a 30-month sentence for two counts of illegal entry into the United States in violation of 8 U.S.C. §1325. He is currently housed in the Mental Health Unit of the Federal Medical Center at Rochester, Minnesota ("FMC-Rochester"). The Petition alleges that Respondent has refused care and treatment at FMC-Rochester.

On August 17, 2000, a hearing was held at FMC-Rochester to determine whether Respondent is suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable psychiatric facility. Assistant United States Attorney Joan D. Humes appeared on behalf of Petitioner; Katherine Menendez, Esq. appeared on behalf of Respondent, who was personally present. The Court heard testimony from the Respondent and psychiatrist D. Christine Sigurdson, PhD., M.D.

FILED AUG 31 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

At the close of the August 17, 2000 hearing, the Court came to the decision, based upon the evidence presented, that the Petition should be granted. We declined to announce this decision in open court, in order to avoid any provocation of Respondent in that setting. Instead, after the close of the hearing, the Court spoke with counsel for both parties together, and informed them of the decision. The Court told counsel it would issue a Report and Recommendation memorializing the decision. Later that day, counsel filed a joint Stipulation [Docket No. 8] agreeing not to object to the Report and Recommendation, with knowledge that the Court intended to recommend granting the Petition.

This matter is before the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Upon the following Findings of Fact/Report, it is recommended that the Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. §4245 [Docket No. 1] be granted, that Respondent be committed to the custody of the Attorney General, and that the Attorney General hospitalize Respondent at FMC-Rochester.

## FINDINGS OF FACT/REPORT

### I. APPLICABLE LAW

Under 18 U.S.C. §4245, a prisoner who is serving time in a federal prison may not be transferred to a mental hospital without the prisoner's consent or a court order. United States v. Watson, 893 F.2d 970, 975 (8th Cir.), vacated in part on reh'g on other grounds by United States v. Holmes, 900 F.2d 1322 (8th Cir.), cert. denied, Watson v. United States, 497 U.S. 1006 (1990). If the prisoner objects to being transferred, the court must order a hearing to determine if there is "reasonable cause to believe that the person

may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. §4245(a); United States v. Jones, 811 F.2d 444, 447 (8th Cir. 1987). "If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. §4245(d). The Attorney General must then hospitalize the prisoner "for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." Id.

## II. APPLICATION TO RESPONDENT

### A. Respondent is Suffering from a Mental Disease or Defect.

At the August 17, 2000 hearing, Dr. Sigurdson testified that she had been attempting to treat Respondent since April 12, 2000, when he arrived at FMC-Rochester. Dr. Sigurdson testified that Respondent suffers from schizophrenia. The essential features of schizophrenia are the presence of characteristic psychotic symptoms during the active phase of the illness and a decreased level of function in areas such as social relations. Watson, 893 F.2d at 972 n.2. Psychotic symptoms may include delusions, hallucinations, incoherence, catatonic behavior, or flat or inappropriate affect (facial expressions). Id.

Dr. Sigurdson testified that she had witnessed the following behaviors in Respondent: disorganized speech, disorganized behavior, strange affect, paranoid delusions, quick mood changes, and aggressive behavior. The Court found Dr. Sigurdson, who had a Ph.D. from the University of Colorado and an M.D. from the University of Minnesota, to be a credible witness. At the time of the hearing, Dr. Sigurdson had been

working as a staff psychiatrist at FMC-Rochester for more than seven years. In the course of evaluating Respondent for the presence of a mental illness, Dr. Sigurdson reviewed Respondent's medical files and met with Respondent on multiple occasions.

The Court is persuaded that Respondent is suffering from schizophrenia based upon Dr. Sigurdson's psychological report and her testimony at the hearing. This conclusion is supported by Respondent's disorganized speech and behavior at the hearing. Also, Respondent has not introduced any expert medical testimony to contradict Dr. Sigurdson's diagnosis. See United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990) (where mental health professionals found inmate to be mentally ill, the Eighth Circuit emphasized that "there is no medical opinion to the contrary in the record before us" in affirming the district court's conclusion that the inmate was mentally ill and dangerous under 18 U.S.C. § 4246).

**B. Respondent is in Need of Custody for Care or Treatment.**

Although 18 U.S.C. §4245(d) does not define when a prisoner is "in need of custody for care or treatment," courts have found that prisoners suffering from schizophrenia are "in need" of treatment under 18 U.S.C. §4245 where a diagnosis is properly supported by psychological or psychiatric testimony. United States v. Tyus, 1992 WL 51312 (4th Cir. Mar. 19, 1992) (unpublished op.) (where two experts testified that prisoner suffered from schizophrenia and needed treatment, the Fourth Circuit affirmed the district court's determination that the prisoner should receive treatment); see also United States v. Martinez, 1992 WL 214483 (4th Cir. Sept. 2, 1992) (unpublished op.) (where psychologist testified that prisoner suffered from schizoaffective disorder and required custodial treatment, the Fourth Circuit upheld the district court's determination that the prisoner should receive treatment).

The Court's conclusion is derived from well-settled legal principles. The Eighth Amendment imposes upon prison officials the duty to provide humane conditions of confinement, and this duty requires those officials to protect prisoners from violence at the hands of other prisoners and self-inflicted harm or suicide. Jensen v. Clarke, 73 F.3d 808, 810 (8th Cir. 1996); Reed v. Woodruff County, 7 F.3d 808, 810 (8th Cir. 1993). Moreover, prisoners do not have the right to remain in isolation or segregation to avoid a particular form of treatment. See Watson, 893 F.2d at 982 ("psychotropic drugs may be constitutionally administered to a mentally ill federal prisoner whenever, in the exercise of professional judgment, such an action is deemed necessary to remove that prisoner from seclusion and to prevent the prisoner from endangering himself or others"). Accordingly, if a prisoner whose mental illness was left untreated would pose a danger to himself or others if placed in the general prison population, the Court finds that treatment is needed within the meaning of 18 U.S.C. §4245.

The Court finds that Respondent cannot be placed in the general prison population without his mental illness being treated because he would pose a danger to prison staff and his fellow inmates. Respondent has displayed a series of behaviors that have continually made him a management problem, and have placed his own safety, and that of others, at risk. Respondent is in need of custody for care or treatment.

C. **FMC-Rochester is a Suitable Facility.**

The Court finds that FMC-Rochester is a suitable facility for the Respondent to receive care or treatment. FMC-Rochester is a fully accredited hospital providing a wide range of medical and therapeutic options to incarcerated inmates. Dr. Sigurdson testified that Respondent could not get the medical attention that he needs at a regular prison facility. Respondent offered no evidence to prove that FMC-Rochester is an inappropriate

facility for him.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. §4245 [Docket No. 1] be granted, that Respondent be committed to the custody of the Attorney General, and that the Attorney General hospitalize Respondent at FMC-Rochester.

Dated: August 31, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **September 14, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **September 14, 2000**.